**Motion DENIED**

This the 28th day of ____May____, 2026 .

*Louis W. Flanagan*

LOUISE W. FLANAGAN, United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**EASTERN DIVISION**

**DAVON TERRELL HENDERSON,**

    *Petitioner,*

**v.**

**UNITED STATES OF AMERICA,**

    *Respondent.*

Case No. 4:19-cr-00061-BO-1

**FILED**

MAY 2 6 2026

PETER A. MOORE. JR., CLERK
US DISTRICT COURT, EDNC
BY_____M_____ DEP CLK

---

### PETITIONER'S MOTION FOR RELIEF FROM
### JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(6) AND 60(d)(3)

Davon Henderson ("Henderson"), appearing *pro se*, respectfully moves this Court to set aside the judgment of dismissal entered in his 28 U.S.C. §2255 proceeding. Henderson is currently serving a three-year term of supervised release until February 2027 and is thus "in custody" for purposes of federal habeas law. *United States v. Ketter*, 908 F.3d 61, 66 (4th Cir. 2018). This motion does not challenge the merits of Henderson's underlying conviction or sentence. Instead, it identifies a defect in the integrity of the federal habeas proceedings caused by the Government's material misrepresentations and inconsistent factual narratives. This therefore constitutes a true Rule 60(b) motion and is not a successive Section 2255 habeas petition. *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015).

### I. THE MOTION CHALLENGES A DEFECT IN THE INTEGRITY OF THE SECTION 2255 PROCEEDINGS.

The Fourth Circuit distinguishes between motions that attack a conviction (successive petitions) and those that attack "some defect in the integrity of the federal habeas proceedings". Henderson's motion falls squarely into the latter category because it asserts that the Government obtained the dismissal of his Section 2255 motion by making material factual misrepresentations that the court relied upon, thereby preventing a full and fair adjudication.